**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**EDDIE ROBINSON**                                                                                          **PLAINTIFF**

**V.**                             **CASE NO.: 3:15CV00078 BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                                **DEFENDANT**

**ORDER**

Plaintiff Eddie Robinson has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Papesh v. Colvin*, __ F.3d __, 2015 WL 3396586, at *4 (8th Cir. 2015); see also 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). In assessing the substantiality of the evidence, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

Mr. Robinson alleged he became limited in his ability to work because of a back condition, right shoulder bursitis, and arthritis in his knees. (SSA record at 113) After

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #4)

conducting a hearing, the Administrative Law Judge[2] ("ALJ") concluded that Mr. Robinson had not been under a disability within the meaning of the Social Security Act at any time since May 23, 2012, the date the application was filed. (*Id*. at 17) On February 20, 2015, the Appeals Council denied the request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (*Id*. at 1-3) Mr. Robinson then filed his complaint initiating this appeal. (Docket #2)

At the time of the hearing, Mr. Robinson was 43 years old and lived with his sister. (*Id*. at 24, 26) He had a high school education and had served two years in the army, from which he was honorably discharged. (*Id*. at 25) He testified that he was able to take care of his personal needs, help his sister with chores, and watch his sister's two-year-old son while she worked full time. (*Id*. at 26-28) He was not taking any medication for his impairments at the time of the hearing. (*Id*. at 26)

The ALJ found that Mr. Robinson had not engaged in substantial gainful activity since the application date. (*Id*. at 13) He found that Mr. Robinson had the "severe" impairment of degenerative disc disease of the lumbar spine with radiculopathy. (*Id*. at 13) He further found that Mr. Robinson did not have an impairment or combination of impairments that met or equaled a Listing. (*Id*. at 13-14) He judged that Mr. Robinson's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not totally credible. (*Id*. at 14-16) Based on his findings, the ALJ concluded that during

---

[2]The Honorable Kevin T. Alexander.

the relevant time period Mr. Robinson retained the residual functional capacity ("RFC") for light work, except that he could not climb ladders, ropes, or scaffolds; could not work at unprotected heights; and could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. (*Id*. at 14)

The ALJ found that Mr. Robinson had no past relevant work. Based on testimony from a vocational expert, the ALJ concluded Mr. Robinson could perform jobs available in the national economy, such as shoe hand packer and poultry picker. (*Id*. at 16-17) Thus, the ALJ concluded that Mr. Robinson was not disabled. (*Id*. at 17)

**Adequacy of the Record**

Mr. Robinson complains that the ALJ erred by not ordering a consultative examination. The ALJ has a duty to fairly and fully develop the record as to the matters at issue, but "[t]he burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In order to meet the heavy burden of showing the record has been inadequately developed, Mr. Robinson must show both a failure to develop necessary evidence and unfairness or prejudice resulting from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Mr. Robinson has not met his burden.

"The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the

claimant is disabled." *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir.1994).  In this case, the ALJ had sufficient medical evidence, including treatment notes, opinion evidence, and Mr. Robinson's testimony, from which to determine disability.  (SSA record at 25-31, 162-63, 165-72, 174-78, 191-200, 203-04, 205-11)

On December 12, 2011, Mr. Robinson reported to St. Bernards Medical Center after injuring his lower back while arm wrestling.  He complained of some burning pain in his right thigh, but he was walking without difficulty.  Randy McComb, M.D., diagnosed mechanical low back pain.  He prescribed Ketoprofen and referred him to Dr. John Campbell.  (*Id*. at 174-78)

Mr. Robinson returned to St. Bernards two days later stating that he could not afford the doctor he had been referred to and complaining of increased pain.  On examination, he had full range of motion in his shoulders, and he was in no apparent distress.  Elliot Landfield, M.D., ordered a shoulder x-ray and CT scan of Mr. Robinson's lumbar spine without contrast.  (*Id*. at 164-69)  Richard R. Reinholtz, M.D., read the scan and found "right foraminal broad-based disc bulge at L4-L5 likely results in right L4 radiculopathy."  (*Id*. at 172)  An x-ray of Mr. Robinson's shoulder was unremarkable.  (*Id*. at 170)  Dr. Landfield diagnosed lumbar radiculopathy and shoulder pain.  He prescribed Acetaminophen with Codeine, Cyclobenzaprine, and Prednisone, and advised Mr. Robinson to go to ARcare with $20 and proof of income to consult with a

neurosurgeon. (*Id*. at 165-69)   There is no evidence Mr. Robinson ever followed up at ARcare.

On January 31, 2012, Terry D. Hunt, M.D., performed an MRI of Mr. Robinson's lumbar spine without contrast.  He concluded Mr. Robinson had a "[d]isc bulge at L4-L5 slightly eccentric to the right side," but he had "[n]o severe nerve root compression."  (*Id*. at 162)

While Mr. Robinson stated he was unable to afford medication and treatment, the record indicates that he continued to smoke cigarettes and marijuana.[3]  (*Id*. at 157, 167, 181)  Smoking is an expensive, ongoing habit that can be considered when weighing Mr. Robinson's credibility.  *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999)(rejecting claimant's position that he could not afford medication when "there is no evidence to suggest that he sought any treatment offered to indigents or chose to forgo smoking cigarettes to help finance pain medication.").  This is especially true where, as here, Dr. Landfield made Mr. Robinson aware that there was a clinic in the area that would treat him for as little as $20.00.

There is no evidence Mr. Robinson sought additional treatment for back pain. When Mr. Robinson was examined by Carroll D. Johnson, M.D., at St. Bernards in

---

[3]During an October, 2011 visit to St. Bernards, Mr. Robinson admitted to daily marijuana use. (*Id*. at 181)  And during visits to St. Bernards on December 14, 2011, and February, 2012, Mr. Robinson admitted to occasional marijuana use. (*Id*. at 167, 157)  He also reported smoking cigarettes. (*Id*. at 157, 167, 181)

February 2012 with bronchitis, he did not report a history of musculoskeletal problems. In reports submitted to the Commissioner in August and October 2012, Mr. Robinson reported that he had not sought treatment and was not taking any medication for his alleged impairments. (*Id*. at 125, 132) At the hearing, he claimed that he sometimes obtained medication from "other people ." (*Id*. at 30-31)

While Mr. Robinson mentioned during his testimony at the hearing that a "physical" might help him show his ailments better (*Id*. at 28, 31), his attorney never requested that Mr. Robinson be sent for a consultative examination. (*Id*. at 23-24, 34) Further, Mr. Robinson does not state how he might be limited beyond the ALJ's RFC finding. There was ample evidence in the record for the ALJ to make a disability determination.

**Conclusion**

Substantial evidence supports the ALJ's decision denying Mr. Robinson's application for benefits. The ALJ made no legal error. For these reasons, Mr. Robinson's request for relief (#2) is DENIED and the decision denying the application for benefits is AFFIRMED.

DATED this 8th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE